## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LABORERS WELFARE FUND OF DELAWARE :     CIVIL ACTION
LOCAL NO. 199, LABORERS OF DELAWARE :
LOCAL UNION NO. 199 PENSION PLAN, :     NO. 07-CV-
LOCAL 199 LABORERS INTERNATIONAL :
UNION OF NORTH AMERICA ANNUITY :
PLAN, LABORERS LOCAL 199 TRAINING :
AND APPRENTICESHIP FUND and :
LABORERS LOCAL 199 VACATION FUND :
(administered through the Laborers Welfare Fund :
of Delaware Local 199) :
c/o GEM Group :
650 Naamans Road, Suite 303 :
Claymont, DE 19703 :

          and

LABORERS'-EMPLOYERS' COOPERATIVE :
EDUCATION TRUST FUNDS :
c/o Delaware Contractors Association :
P.O. Box 6520 :
Wilmington, DE 19804 :
          and :
:
LABORERS INTERNATIONAL UNION OF :
NORTH AMERICA, LOCAL NO. 199 AFL-CIO :
532 South Claymont Street :
Wilmington, DE  19801 :
:
         Plaintiffs :
:
      v. :
:
MADISON INDUSTRIAL SERVICES :
TEAM, LTD. :
2221 Sens Road :
Laporte, Texas  77571 :
         Defendant :

## COMPLAINT

## JURISDICTION AND VENUE

1.      This action is instituted under, and by virtue of, Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947, as amended, ("LMRA"), 29 U.S.C. § 185, to collect liquidated damages owed for late fringe benefit contributions.

2.      This Court has jurisdiction over this matter pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and 28 U.S.C. §§ 1331 and 1337.  Venue is appropriate pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b).

## PARTIES

3.      The Plaintiffs, Laborers Welfare Fund of Delaware Local No. 199, Laborers of Delaware Local Union No. 199 Pension Plan, Local 199 Laborers International Union of North America Annuity Plan, Laborers Local 199 Training and Apprenticeship Fund, and Laborers Local 199 Vacation Fund (administered through the Laborers Welfare Fund of Delaware Local 199) ("Funds"), are jointly-administered, multi-employer benefit funds within the meaning of Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and Sections 3(3) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(3) and (37)(A).  The Laborers-Employers Cooperative Education Trust ("LECET") is a jointly-administered, multi-employer fund within the meaning of Section 302(c)(9) of the LMRA; 29 U.S.C. § 186(c)(9).  The Funds and LECET receive contributions from various employers who are obligated to make contributions thereto by virtue of their having agreed to be bound by collective bargaining agreements with Laborers International Union of North America Local 199, AFL-CIO ("Local 199") and by virtue of their having agreed to be bound by the Agreements and Declarations of Trusts that establish the Funds and LECET.  The offices of the Funds and LECET are located at 650 Naamans Road, Claymont, Delaware 19703.

4.     Plaintiff, Laborers International Union of North America, Local 199, AFL-CIO ("Local 199") is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5) and an employee organization within the meaning of Section 3(4) of ERISA, 29 U.S.C. §1002(4).  Its principal place of business is 532 South Claymont Street, Wilmington, Delaware, 19801.  Local 199 represents employees employed in the construction industry as laborers in the State of Delaware.

5.     Defendant, Madison Industrial Services Team, Ltd. ("Defendant"), is a company incorporated in the State of Texas with a principal place of business at 2221 Sens Road, Laporte, Texas 77571.  At all times relevant hereto, the Defendant has been an employer engaged in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and Section 152(2) of the NLRA, 29 U.S.C. § 152(2).  The Defendant is also an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## FACTUAL ALLEGATIONS

6.     At all times relevant hereto, the Defendant has agreed to be bound by the terms of a collective bargaining agreement ("Agreement") with Local 199 which set forth, inter alia, the wages, hours and other terms and conditions of employment of laborers employed by the Defendant in the State of Delaware.  Among the provisions contained in the Agreement are clauses that require Defendant to make timely contributions to the Funds on a monthly basis when members of Local 199 are employed by the Defendant, and to submit timely monthly contribution report forms to the Funds' administrator.

7.     "Timely" contributions, as referred to under the terms of the Agreement and under the Agreements and Declarations of Trust establishing the Funds means that all employee

benefit contributions must be received by the Funds on or before the fifteenth day of the month following the month in which the benefits are earned.

8.    Under the terms of the Agreement and the rules of the Funds, contribution report forms, like the contributions themselves, must be received no later than the fifteenth day of the month in which the hours were worked by members of Local 199. Under the Agreement and the Agreements and Declarations of Trust establishing the Funds, all reports received after the fifteenth of the month are subjected to a ten percent liquidated damages charge.

9.    The Trustees of the Funds have established a program pursuant to which they audit the books and records of employers obligated to contribute to the Funds under the terms of the Agreement in order to insure that contributory employers have made the contributions required under the terms of the Agreement and the rules of the Funds.

10.    In October, 2006, the Trustees of the Funds decided to commence an audit of the books and records of the Defendant for the twelve months covering the period of October 1, 2005 through September 30, 2006 and retained the accounting firm of Belfint, Lyons & Shuman, P. A. ("Accounting Firm") to perform such audit.

11.    Representatives of the Accounting Firm contacted the Defendant on October 18, 2006 to advise the Defendant that an audit would be conducted and requested various documents and records.

12.    Representatives of the Defendant advised the Accounting Firm that such documents would be provided by November 2, 2006.

13.    Not withstanding its promise to provide documents and records to the Accounting Firm, no such documents and records were provided.

14.     Thereafter, representatives of the Accounting Firm attempted to speak with representatives of the Defendant in order to obtain the necessary documents and records so as to begin the audit.

15.     The Accounting Firm has made several efforts to contact the Defendant but the Defendant has failed and refused to respond to the Accounting Firm or supply the documents sought be the Accounting Firm, such documents being necessary for the audit of the Defendant.

## COUNT ONE

## VIOLATION OF ERISA FOR FAILURE TO PERMIT THE FUNDS TO AUDIT THE BOOKS AND RECORDS OF THE DEFENDANT

16.     Paragraphs 1 through 15 of the Complaint are re-alleged as if fully set forth herein.

17.     Section 515 of ERISA, as amended, 29 U.S.C. §1145, requires every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collective bargaining agreement to do so in accordance with the terms and conditions of the plan or agreement.

18.     Pursuant to a policy of the Funds that requires periodic audits of contributing employers, the Trustees of the Funds elected to conduct an audit of the books and records of the Defendant in order to insure that the Defendant made all contributions to the Funds as it was obliged to do under the terms of the Agreement.

19.     The refusal of the Defendant to permit the Funds, through the Auditing Firm, to audit all the Defendant's books and records so as to permit the Auditing Firm to conduct a full and complete audit is a violation of ERISA in that the Defendant has failed to adhere to the rules and terms of the Funds' benefit plans.

## COUNT TW0

## <u>BREACH OF CONTRACT FOR FAILURE TO PERMIT THE FUNDS TO AUDIT THE</u>

## <u>BOOKS AND RECORDS OF THE DEFENDANT</u>

20.    Paragraphs 1 through 19 of the Complaint are re-alleged as if fully set forth herein.

21.    Under the terms of Article XXIV, Section 3 of the Agreement, the Trustees of the Funds retain the right to audit the books and records of any employer bound to the terms thereof.

22.    The refusal and failure of the Defendant to permit the audit of its books and records constitutes a breach of the Agreement.

WHEREFORE, the Plaintiffs urge this Honorable Court to:

(1)    Enter an order requiring that the Defendant provide to the Auditing Firm or any other auditor employed by the Plaintiffs books and records of the Defendant necessary for Auditing Firm or any other auditor to determine whether in fact the Defendant made sufficient contributions to the Funds, as required under the terms of the Agreement;

(2)    Pay to the Plaintiffs reasonable attorneys' fees and costs involved in the litigation of this matter as well as accounting fees incurred in the audit;

(3)    Order that the Defendant pay to the Plaintiffs any monies determined due and owing the Plaintiffs that may be established during the course of this litigation; and

(4)    Grant such other relief as this Court may deem just and reasonable.

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

BY: _____

Timothy J. Snyder (No. 2408)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
Telephone: (302) 571-6645
Telefax: (302) 576-3336
Email: tsnyder@ycst.com

Of Counsel:

Jonathan Walters, Esquire
MARKOWITZ & RICHMAN
121 S. Broad Street, Suite 1100
Philadelphia, PA  19107
Telephone: (215) 875-3121
Telefax: (215) 790-0668
Email: jwalters@markowitzandrichman.com

Attorneys for Plaintiffs

Dated: March 29, 2007

JS44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
Laborers Welfare Fund of Delaware Local No. 199, Laborers of Delaware Local Union No. 199 Pension Plan, Local 199 Laborers International Union of North America Annuity Plan, Laborers Local 199 Training and Apprenticeship Fund, Laborers Local 199 Vacation Fund and Laborers'-Employers' Cooperative Education Trust Funds, and Laborers International Union of North America, Local No. 199 AFL-CIO

**DEFENDANTS**
Madison Industrial Services Team, Ltd...

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT_____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF__New Castle_____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, TELEPHONE NUMBER)
Timothy Snyder, Esquire , Young Conaway Stargatt & Taylor, LLP
Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
(302) 571-6645

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION PLACE AN "X" IN ONE BOX ONLY

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated or Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign National | ☐6 | ☐6 |

## IV. NATURE OF SUIT    (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury Med Malpractice<br>☐ 365 Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liab.<br><br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drugs<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br><br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS Third Party 26 USC 7609 | ☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☐1 Original Proceeding    ☐2 Removed from State Court    ☐3 Remanded from Appellate Court    ☐4 Reinstated or Reopened    ☐5 Transferred from another district (Specify)    ☐6 Multidistrict Litigation    ☐7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY) Suit brought under 29 U.S.C. Sections 301 and 1032 by Taft-Hartley Benefit Funds and Labor Organization to compel audit of books and records

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ YES    ☐ NO

## VIII. RELATED CASE(S) IF ANY    (See Instructions):
JUDGE_____    DOCKET NUMBER_____

DATE  *March 29, 2007*

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No.     0 7 - 1 8 1

# ACKNOWLEDGMENT
## OF RECEIPT FOR AO FORM 85

*NOTICE OF AVAILABILITY OF A*
*UNITED STATES MAGISTRATE JUDGE*
*TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF     2     COPIES OF AO FORM 85.

MAR 2 0 2007

_____
(Date forms issued)

_____
(Signature of Party or their Representative)

John D. Ritter
(Printed name of Party or their Representative)

**Note: Completed receipt will be filed in the Civil Action**